**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

REYES ESPINOZA,

Defendant-Appellant.

No.  22-50273

D.C. No. 3:21-cr-01559-H-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted July 8, 2024[**]
Pasadena, California

Before:  IKUTA and NGUYEN, Circuit Judges, and LIBURDI,[***] District Judge.

Reyes Espinoza appeals the 168-month sentence the district court imposed

after Espinoza pleaded guilty to conspiracy to distribute methamphetamine in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

violation of 21 U.S.C. §§ 841(a)(1), 846, and participation in a money laundering conspiracy in violation of 21 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Espinoza claims that the district court erred in imposing a four-level role enhancement under the United States Sentencing Guidelines (U.S.S.G.) § 3B1.1(a) because, while he exercised control over four participants, Espinoza did not exercise control over "five or more participants."[1]

There is ample evidence in the record that Espinoza "was an organizer or leader of a criminal activity that involved five or more participants." *See* U.S.S.G. § 3B1.1 & cmt. n.4. First, Espinoza need not have exercised control over *all* the participants. *See United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991). Instead, the record need only support a conclusion that the "criminal activity. . . *involved* five or more participants." *See* U.S.S.G. § 3B1.1(a) & cmt. n.2 (emphasis added). Espinoza does not contest his supervisory role over four other persons. And because a "participant" includes anyone "who is criminally responsible for the

---

[1] The district court noted that Espinoza "supervised and managed at least five other co-conspirators" and then listed six individuals who would be included. Espinoza challenges the inclusion of two of the listed individuals (John Mott and Sheriff), because they were not mentioned in the Presentence Report. The government does not defend the district court's inclusion of these individuals. Thus, we will not consider those individuals in our review.

commission of the offense, but need not have been convicted," Espinoza himself qualifies as a participant in the conspiracy.[2] *See United States v. Egge*, 223 F.3d 1128, 1134 (9th Cir. 2000) (citing cases holding that "the defendant may be included among the participants in the criminal activity for purposes of section 3B1.1(a)").

Second, Espinoza supplied methamphetamine to two other principal distributors, David Villegas and Charles Miller. The record supports a conclusion that both codefendants were participants "involved in the criminal activity" with Espinoza. *See United States v. Doe*, 778 F.3d 814, 824 (9th Cir. 2015) (noting that "the organizer enhancement properly applies to a defendant who *organizes* others in the commission of the criminal activity even though he does not retain a supervisory role over the other participants" (emphasis added) (internal quotation marks and citation omitted)). Thus, the record supports a conclusion that Espinoza was involved in a conspiracy with five or more participants. Accordingly, the

---

[2] Espinoza also argues that this court's case law is contrary to the language in the Guidelines. We lack the authority to reverse circuit precedent absent an en banc decision. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) ("[A] three-judge panel may not overrule a prior decision of the court.").

district court did not clearly error in applying the four-level enhancement under

§ 3B1.1(a).[3]

**AFFIRMED.**

---

[3] Because we affirm the district court's imposition of the four-level enhancement on this ground, we do not address the government's arguments that Espinoza's large-scale drug trafficking operation was "otherwise extensive," *see* U.S.S.G. § 3B1.1(a), or that, even if the district court improperly calculated the Guidelines range, any error was harmless.